IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID H. ERDMANN,

        Plaintiff,                               OPINION AND ORDER

   v.

                                                14-cv-11-wmc

DOMTAR, JEFF SITEALA,
CHRIS BODETTE and MARK BESSETTE,

        Defendants.

---

DAVID H. ERDMANN,

        Plaintiff,                               OPINION AND ORDER

   v.

                                                14-cv-12-wmc

U.S. ATTORNEY'S OFFICE - MADISON,
OFFICE OF THE U.S. ATTORNEY GENERAL
and MINNEAPOLIS F.B.I.,

        Defendants.

---

Plaintiff David H. Erdmann has filed two related lawsuits concerning a missing person. In both cases, Erdmann has requested leave to proceed without prepayment of fees or costs. Therefore, the court must determine whether the proposed complaints are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Erdmann's requests for leave to proceed must be denied for reasons set forth below.

ALLEGATIONS

Plaintiff David H. Erdmann resides in Phillips, Wisconsin. In his first complaint, Case No. 14-cv-11, Erdmann reports that his friend, Karla Kay Ghiloni, is missing. Erdmann and Ghiloni worked together at a paper mill run by defendant Domtar in Port Edwards, Wisconsin. Erdmann contends that defendant Jeff Siteala fired Ghiloni after she filed a sexual harassment lawsuit. Thereafter, officials at Domtar refused to help Erdmann locate Ghiloni. Erdmann adds without explanation that he "turned Domtar in for the Green Program." He contends further that company officials (Siteala, Chris Bodette and Mark Bessette) have threatened to fire Erdmann unless he goes to counseling.

In the second complaint, Case No. 14-cv-12, Erdmann insists that Ghiloni was "taken against her will" by Domtar or possibly a corrupt federal official, whom he describes as the "dirty Fed." Speculating that Ghiloni has been murdered or that Domtar has attempted to murder her, Erdmann reported her missing to the defendants (the United States Attorney's Office in Madison, the Office of the United States Attorney General in Washington, D.C., and to the Federal Bureau of Investigation in Minneapolis), but none of these agencies cared.

In both cases, Erdmann asks the court to find Ghiloni so that they can be together. Erdmann requests "Witness Protection" for himself and his sister. He also requests "compensation for all crimes committed" and "punishment for those who did this to us."

OPINION

Although *pro se* pleadings are entitled to a liberal construction, *Haines*, 404 U.S. at 521, a complaint filed pursuant to the federal *in forma pauperis* statute is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law and is therefore legally frivolous when it is based on an indisputably meritless legal theory. *Id.* at 325, 327. A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325). Stated another way, a complaint is factually frivolous if its allegations are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted).

Construed generously, both of plaintiff's complaints feature somewhat bizarre, cryptic allusions to a criminal conspiracy; therefore, both may be characterized as legally frivolous. *Denton*, 504 U.S. at 32-33. In that respect, plaintiff seeks a criminal investigation and prosecution of defendants in connection with a missing person. Private citizens are not entitled to an order requiring the investigation or prosecution of wrongdoers. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). The constitution, which features a separation of powers, grants authority to initiate criminal charges only to the Executive Branch. *See United States v. Lister*, 432 F.3d 754, 762 (7th Cir. 2005). Thus, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of a prosecuting attorney. *See Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted).

Because plaintiff's allegations lack an arguable basis in law, both cases will be dismissed.

ORDER

IT IS ORDERED that the requests for leave to proceed *in forma pauperis* by plaintiff David H. Erdmann are DENIED and the above-captioned cases are DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

Entered this 29th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge